IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

J.C. FAIRLEY, JR.                                                                 PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:09cv227-KS-MTP

MATTHEW HIATT, M.O. QUINN and
FORREST COUNTY, MISSISSIPPI                                 DEFENDANTS

## OMNIBUS ORDER AND ORDER ON MOTIONS

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 22, 2010. The Plaintiff appeared *pro se* and Defendants were represented by attorney Sarah Beth Windham. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff claims that on the night of October 31, 2008, he was driving in Petal, Mississippi

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

and was pulled over by Defendants Matthew Hiatt and M. O'Quinn,[3] both officers with the Petal Police Department. According to Plaintiff, Officer O'Quinn wrote him a ticket for speeding, which he claims he should not have received because he was not, in fact, speeding. Plaintiff also claims that Officer Hiatt administered a field sobriety test to him,[4] after which he immediately arrested him and took him to the Petal Police Department without informing him of his *Miranda* rights or telling him why he was being arrested. Plaintiff alleges that he did not find out that he had been charged with "DUI refusal" until he had posted bail and received a copy of the police report. Plaintiff also claims that Officer O'Quinn (but not Officer Hiatt) searched his entire vehicle without his consent. Plaintiff alleges that Officer Hiatt "coerced" him into posting bail by telling him that if he could pay the bail money he would not go to jail.[5] Plaintiff also claims that the officers might not have been "legally qualified" to make the traffic stop and/or arrest him. Plaintiff avers that both charges against him were ultimately dismissed due to the officers' failure to show up at his court appearance.

Plaintiff asserts that the officers were "negligent" by failing to follow certain procedures during the traffic stop and arrest, and that they misused their authority and power. He also asserts that his Fourth, Sixth and Eighth Amendment rights were violated because he was wrongfully

---

[3] Defendant O'Quinn has not been served with process, and as set forth *infra*, Plaintiff's *ore tenus* motion to dismiss Defendant O'Quinn will be granted. Forrest County, Mississippi has also been named as a defendant in this action. By Order [4] dated January 22, 2010, Plaintiff was directed to file a statement specifically stating how each Defendant violated his constitutional rights. Although Plaintiff provided the requested information for Defendants Hiatt and Quinn, he failed to provide any of the requested information for Forrest County (*see* [6]), nor was it apparent from Plaintiff's submissions that Forrest County had any connection to this matter. Accordingly, the court determined that process would not issue for Forrest County. *See* [8].

[4] Plaintiff testified that when he was pulled over, he told the officers that he had drank a beer that night.

[5] Plaintiff avers that he only had $200 so he called his parents to come and bring the remainder of the money ($25).

pulled over and arrested without probable cause, was charged for something he did not do, was not informed of the charges against him or his *Miranda* rights, and because his vehicle was searched without his consent.

When asked about his damages, Plaintiff stated that as a result of the arrest, he did not get a job in New Orleans. He is also seeking $300 for travel back and forth to New Orleans,[6] $160 for bailing his vehicle out, $225 for bailing himself out of jail, $135 to get a Louisiana driver's license,[7] and damages for emotional distress.[8]

## 2. DISCOVERY ISSUES

At the hearing, Plaintiff indicated that he was in possession of all information he needs to proceed with the case. Nevertheless, the discovery deadline is set for July 1, 2010. Expert designations are due on or before June 1, 2010.

## 3. PENDING MOTIONS

Plaintiff's Motion [18] to Amend Complaint, which the court is construing as a request for a jury trial, is granted. The case shall be set for a jury trial.

During the omnibus hearing, Plaintiff made an *ore tenus* motion to dismiss Defendant M. O'Quinn from the lawsuit. Defendants did not object. Accordingly, the motion shall be granted and Defendant M. O'Quinn shall be dismissed without prejudice. The dismissal of Defendant O'Quinn will also result in the dismissal of Plaintiff's claims relating to the initial stop for speeding, as well as the alleged search of his vehicle, as they both relate only to Defendant

---

[6] At the time of his arrest, Plaintiff was apparently living in New Orleans and looking for a job there.

[7] Plaintiff claims that his Mississippi license was taken by the officers.

[8] Plaintiff conceded that he had not suffered any physical injuries nor had he received any treatment for any emotional injuries.

3

O'Quinn.

Also during the omnibus hearing, Defendant Hiatt made an *ore tenus* motion to dismiss on the basis that Plaintiff had failed to provide a sufficient factual basis for his allegation that Hiatt lacked probable cause to make the DUI arrest. Because this is not a consent case, the court finds it appropriate to deny the motion without prejudice to Defendant's right to re-assert it in writing for the District Judge to consider.

### 4. **MOTIONS DEADLINE AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010. A final pre-trial conference shall be held on November 12, 2010. The case is set for a jury trial during the two-week trial calendar beginning December 6, 2010.

IT IS, THEREFORE, ORDERED:

1. The discovery deadline is set for July 1, 2010, and expert designations are due on or before June 1, 2010.

2. A final pre-trial conference shall be held on November 12, 2010, and the case is set for a jury trial before District Judge Keith Starrett during the two-week trial calendar beginning December 6, 2010.

3. Plaintiff's Motion [18] to Amend Complaint, which the court is construing as a request for a jury trial, is granted. The case shall be set for a jury trial.

4. Plaintiff's *ore tenus* Motion to Dismiss Defendant M. O'Quinn is granted. Defendant M. O'Quinn is dismissed from this lawsuit without prejudice. The dismissal of Defendant O'Quinn will also result in the dismissal of Plaintiff's claims relating to the initial stop for speeding, as well as the alleged search of his vehicle.

5. Defendant's' *ore tenus* Motion to Dismiss Matthew Hiatt is denied, without

prejudice to his right to re-assert the motion in writing for the District Judge to consider.

      6.      The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

      7.      This order may be amended only by a showing of good cause.

      8.      Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 30th day of April, 2010.

                            s/ Michael T. Parker
                              United States Magistrate Judge