# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| J. C. FAIRLEY | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 2:09cv227KS-MTP |
| MATTHEW HIATT | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#23]** filed on behalf of the defendant, Matthew Hiatt. The court, having reviewed the motion, the pleadings and exhibits on file and being being advised that the plaintiff has failed to respond finds that the motion to dismiss is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

On or about November 9, 2009 the plaintiff filed his "Notice of Affidavit and Complaint" (hereinafter "Complaint") in this matter. The plaintiff claims that on the night of October 31, 2008, he was driving in Petal, Mississippi and was pulled over by defendant Matthew Hiatt and dismissed defendant M. O. Quinn [1], both officers with the

---

[1] Officer Quinn was not served with process, and the plaintiff moved *ore tenus* to dismiss Quinn at the Omnibus Hearing, which motion was granted. Forrest County, Mississippi was also named as a defendant in this action. By Order [4] dated January 22, 2010, the plaintiff was directed to file a statement specifically stating how each defendant violated his constitutional rights. Although the plaintiff provided the requested information for defendants Hiatt and Quinn, he failed to provide any of the requested information for Forrest County (see [6]), nor was it apparent from the plaintiff's submissions that Forrest County had any connection to this matter. Accordingly, the magistrate judge determined that process would not issue for Forrest County.

Petal Police Department. According to the plaintiff, Officer Quinn wrote him a ticket for speeding, which he claims he should not have received because he was not, in fact, speeding. The plaintiff also claims that Officer Hiatt administered a field sobriety test to him, after which Hiatt immediately arrested him and took him to the Petal Police Department without informing him of his *Miranda* rights or telling him why he was being arrested.

On or about April 22, 2010 an Omnibus Hearing was held before the Honorable Michael T. Parker, U.S. Magistrate Judge. The plaintiff provided testimony to the court which supersedes his complaint. *Hurns v. Parker*, 1998 WL 870696 at *1 (5th Cir.. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987). The plaintiff testified at the Omnibus Hearing that when he was pulled over, he told the officers that he had drank a beer that night. The plaintiff alleges, however, that he did not find out that he had been charged with "DUI refusal" until he had posted bail and received a copy of the police report.

The plaintiff also claims that Officer Quinn (but not Officer Hiatt) searched his entire vehicle without his consent. The plaintiff alleges that Officer Hiatt "coerced" him into posting bail by telling him that if he could pay the bail money he would not go to jail. The plaintiff also claims that the officers might not have been "legally qualified" to make the traffic stop and/or arrest him. Finally, the plaintiff asserts that both charges against him were ultimately dismissed due to the officers' failure to show up at his court appearance.

The plaintiff asserts that the officers were "negligent" by failing to follow certain procedures during the traffic stop and arrest, and that they misused their authority and

power. He also asserts that his Fourth, Sixth and Eighth Amendment rights were violated because he was wrongfully pulled over and arrested without probable cause, was charged for something he did not do, was not informed of the charges against him or his *Miranda* rights, and because his vehicle was searched without his consent.

## STANDARD OF REVIEW

The defendant Hiatt has moved the court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[2] *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

---

[2] Even where the plaintiff fails to respond to the motion, as here, the court is required to view the facts in the light most favorable to him.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*

## **ANALYSIS**

The plaintiff has alleged that he was not speeding when he was pulled over. However, this court has dismissed the plaintiff's claims relating to the initial stop for speeding as well as the alleged search of his vehicle. The plaintiff claims that Officer Hiatt failed to inform him of his *Miranda* rights. Such failure does not rise to a constitutional violation and thus does not state a claim under 42 U.S. C. §1983. *Collins v. Clarksdale Police Dept.*, 2008 WL 961880 (N.D. Miss. April 9, 2008); *Chavez v. Martinez*, 538 U.S. 760, 772-73, 123 S.Ct. 1994, 2003-4(2003).

With regards to the alleged failure to tell the plaintiff what he was arrested for, the alleged coercion to make bail, and his claim that he was charged for something he did not do, the court finds likewise that the plaintiff's claims are not actionable under §1983. The plaintiff claims that the officers were "negligent" by failing to follow certain procedures during the traffic stop and arrest and that they misused their authority and power, but fails to provide any facts to support these claims.

The plaintiff's remaining allegation is that Officer Hiatt falsely arrested him for DUI. A review of the transcript of the Omnibus Hearing, reveals that at no time in the hearing did the plaintiff provide a factual basis for his allegation that Officer Hiatt did not have probable cause to arrest him. Instead, the plaintiff admitted that he told the officer

he had drank one beer when he was pulled over. Fairley also stated that Officer Hiatt "tried to give me a field sobriety, and when I did, he immediately arrested me. Pursuant to the Petal Police Department DUI Report submitted to the court by the plaintiff, his speech was slurred, mumbled, and incoherent, his eyes were bloodshot, glassy and dilated, he was swaying, and his breath smelled strongly of intoxicants. A chemical test was offered, but refused.

A valid constitutional arrest without a warrant is made when a police officer has probable cause to believe that the person to be arrested has committed a felony. *Dingler v. City of Southaven*, 2009 WL 902045 (N.D. Miss. March 31, 2009) at *4 (citing *U.S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820 (1976)). Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to believe an offense has been or is being committed. *Id.* (citing *U.S. v. Bustamante-Saenz*, 894 F.2d 114, 118 (5th Cir. 1985)). In addition, "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Haggerty v. Texas University* 391 F.3d 653, 655 (5th Cir. 2004)(quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2001)).

The plaintiff's claim for false arrest against Officer Hiatt does not have facial plausibility. He admitted that he told the officer that he had been drinking that night and claims he was given a Field Sobriety Test. He has provided no facts to support his claim that Officer Hiatt lacked probable cause. Further documents he submitted to the court show that Officer Hiatt believed the plaintiff's speech was slurred, mumbled, and incoherent, his eyes were bloodshot, glassy and dilated, he was swaying, and his breath smelled strongly of intoxicants. Based on this, Officer Hiatt had probable cause

to request the plaintiff take a chemical test, and upon his refusal, make the arrest. See *Saucier v. Poplarville*, 858 So. 2d 933 (Miss. App. 2003)(finding probable cause to administer breath test when officer smelled alcohol coming from inside motorist's vehicle, motorist's eyes were glassy and bloodshot, motorist swayed after exiting vehicle, motorist could not complete two field sobriety tests, and motorist admitted to drinking at casino that night).

The plaintiff has been directed by this court to provide a specific statement as to his claims, and has also been given an opportunity to provide testimony under oath, but has still failed to adequately state a claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#23]** filed on behalf of the defendant Matthew Hiatt is granted and the plaintiff's Complaint is dismissed with prejudice and all other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 18th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE